# FILED

May 27 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0716

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 179N

IN THE MATTER OF
R.S., III,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DN 03-8
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant
        Appellate Defender, Helena, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; John Paulson,
        Assistant Attorney General, Helena, Montana

        Fred R. Van Valkenburg, Missoula County Attorney; James McCubbin,
        Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  April 24, 2008

Decided:  May 27, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     P.B. is the biological mother of R.S., III (R.S.), and other children.  Following earlier proceedings, the Department of Public Health and Human Services petitioned for termination of her parental rights to R.S.  The Fourth Judicial District Court, Missoula County, held a hearing on the petition and subsequently entered an order granting the petition and terminating P.B.'s parental rights.  It determined pursuant to § 41-3-609(1)(f), MCA, that P.B. had not complied with an appropriate and court-approved treatment plan and the conduct or condition rendering her unfit was unlikely to change within a reasonable time.  The court also determined that termination was in R.S.'s best interest.  P.B. appeals.

¶3     While P.B. asserts her noncompliance with the treatment plan was not entirely her fault, she generally does not contest the District Court's findings under § 41-3-609(1)(f), MCA.  Instead, she relies on § 41-3-445(9), MCA, which provides in part that a district court may terminate a planned permanent living arrangement if it finds the circumstances of the child or family have substantially changed and the best interests of the child are no longer being served.  P.B. asserts the District Court's ultimate finding that termination was in R.S.'s best interest contradicted findings it had made in earlier orders approving permanency plans

2

and long-term custody arrangements, as well as language in certain stipulations by the parties. We need observe only that § 41-3-609(1)(f), MCA, provides a separate, independent and, here, unchallenged basis for terminating P.B.'s parental rights.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because the District Court's findings are clearly supported by sufficient evidence, its conclusions on legal issues are controlled by settled Montana law, and it clearly did not abuse its discretion.

¶5     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

3